## 9890

### STATE v. WARING.

(95 S. E. 143.)

1. CRIMINAL LAW—CONTINUANCE—AFFIDAVIT.—Accused's affidavit for continuance that he believed a person desired as a witness would testify to certain facts because she was truthful, and he knew such facts to be true, etc., *held* a sufficient compliance with rule 27, requiring such affidavits to state the facts deponent believes an absent witness would testify to, and the grounds of such belief.

2. WITNESSES — COMPELLING ATTENDANCE — BENCH WARRANT.— In a criminal trial, a bench warrant for a sick witness is properly refused, where bringing her into Court would have endangered her life.

3. CRIMINAL LAW—PROCEEDINGS—PRESUMPTIONS.—The proceedings of the Court of Sessions, which is a Court of general jurisdiction, are presumably regular; and it will be presumed that the clerk of the Court of Sessions, when reading a manslaughter verdict, properly asked the jury if it was their verdict.

4. HOMICIDE—VERDICT—SUFFICIENCY.—Where the record shows the jury returned a verdict "Guilty of manslaughter," and the indictment shows an indorsement "Manslaughter," there is no uncertainty; the jury intending to find accused guilty of manslaughter.

5. CRIMINAL LAW—VERDICT—SUFFICIENCY.—There is no statute or rule of Court changing the common-law rule that criminal verdicts are oral.

Before PEURIFOY, J., Colleton, Summer term, 1916. Reversed.

Before SEASE, J., Colleton, Fall term, 1916.    Affirmed.

John Waring was tried at the Summer term of the Court of General Sessions, 1916, Colleton county, on the charge of murder, before his Honor, Judge Peurifoy, and a jury. He was convicted of manslaughter, and from sentence appeals.    At the ensuing term of the Court of General Sessions for Colleton county, he applied for a writ of *habeas corpus,* seeking to be discharged from custody upon the ground that the sentence was based upon an illegal verdict. Judge Sease refused to release him, and from his refusal he also appeals.

*Mr. R. M. Jefferies,* for appellant, cites: *As to defendant's right to have compulsory process for obtaining witnesses in his favor:* Const. 1895, art. I, sec. 18; 78 S. C. 264; 43 S. C. 5.    *As to right to have a venire of 36 men present from whom to select the jury:* Code, vol. I, sec. 4019; 100 S. C. 248; 84 S. E. 778.    *As to improper argument of the prosecuting attorney:* 86 S. C. 370; Ann. Cases 1912a, 1016.    *As to the law of self-defense:* 73 S. C. 277; 189 Pa. 641.    *As to the refusal to discharge defendant on writ of habeas corpus:* L. R. A. 723; 12 Cyc. 689; 10 Cyc. 1083; 13 R. C. L. 195; 31 S. C. 453; 2 Speer 371; 22 S. C. L. 66; 10 S. C. L. 256; 4 S. C. 296; 46 S. C. L. 673; 25 S. C. L. 75; 12 S. C. L. 152; 13 S. C. L. 129; 17 S. C. 63; 107 La. 298; 31 Sou. 638; 55 Fla. 194; 46 Sou. 417; 46 La. Ann. 5; 14 Sou. 295; Bish. Crim. Proc. (3d ed.), par. 1012; 152 N. C. 79; 67 S. E. 35; 13 W. Va. 859; 151 N. C. 177; 69 S. E. 771; 7 Ga. App. 50; 66 S. E. 149; 138 N. C. 582; 50 S. E. 277; 105 Ga. 516; 31 S. E. 488; 47 S. C. 166; 54 S. C. 234; 12 Cyc. 261; 8 R. C. L. 120.

*Mr. Solicitor Geo. Warren* and *Messrs. Padgett & Moorer, for* State-Respondent.

January 26, 1918.

The opinion of the Court was delivered by Mr. Justice Fraser.

The appellant was indicted for murder. When the case was called for trial, the appellant made a motion for continuance and supported the motion with the following affidavit:

"Personally appeared John Waring, who, being sworn, says that he is the defendant in the above entitled case; that one Susan Jenkins (*nee* Harrison) is a material witness in his defense and without her he could not safely go to trial; that he is informed and believes that the said Susan Jenkins has been properly subpœnaed to appear to testify in this cause; that he is further informed and believes that the said Susan Jenkins is in a critical condition of health, which would render same dangerous to her life for her to be brought to this Court to testify, and that this is not intended merely for delay.

"Deponent further states that he believes that if the said Susan Jenkins were to appear in Court and testify her testimony in the main would be as follows: That she was playing with this deponent the night that John Washington was shot; that John Washington brought on the difficulty leading to the shooting and that this defendant had nothing whatever to do with it; that while playing in the 'ring' she saw deceased come up to defendant and slap him, at the same time cursing violently, and that deceased also slapped her; that defendant pleaded in a quiet manner with deceased to refrain from such conduct and language, whereupon deceased made certain violent threats against this defendant; that she saw in the hands of deceased an open knife, with which deceased threatened to cut defendant; that defendant tried in every way to quiet deceased and to prevent this difficulty; that deceased persevered in his hostile conduct, whereupon others in the room caused both deceased and

defendant to leave the room; that as defendant left the room he stated he was going home to avoid any trouble; that very soon after they left the room she heard a pistol fire one time; that she saw the deceased leave the room with a knife open; and that at the time defendant was trying to avoid deceased and to prevent difficulty.

"Deponent further states that the ground of his belief that said Susan Jenkins, if present, would testify as above is that he believes said Susan Jenkins to be a truthful woman, and that he knows that the above is what occurred, all of which should have been within the knowledge of the said Susan Jenkins. Duly probated.

"A certificate of Deputy Sheriff L. C. Padgett was filed showing that the witness had been duly subpœnaed to appear in the Court."

A physician, Dr. W. B. Ackerman, was examined in open Court, and stated that he had made a physical examination of the witness and it would be dangerous for her to come to Court. Upon this showing the Court ruled:

"The case cannot be continued on this showing. There is nothing before the Court to show that this woman would testify to the facts stated here whatever. The statement of the defendant that he believes her to be a truthful woman I do not think is sufficient. I think that before the Court would exercise its discretion of forcing the State to admit this testimony, it ought to have as near as possible definite information that the witness, if here, would testify to the facts as stated in the affidavit. Now, the only thing that the Court has is the opinion of the defendant at the bar, that this is a truthful woman and that if she were here he believes she would testify to the facts, because he knows her to have been there too. It further appears that counsel had the opportunity to examine the witness and to discuss the case with the witness and find out what she knew about the case. Of course, each attorney has to handle his case in his own way. I merely bring to the attention of counsel that in

order to invoke the discretion of the Court counsel must have done all that he could. Now, if counsel had talked to this witness and had told the Court that she would testify to these facts, then the Court would know that the witness would testify to these facts here. But the Court has not the testimony of counsel or of anybody, who talked with the witness. It appears to the Court, so far as the Court knows, that nobody has ever talked to this witness and knows what she would testify to. Not even the defendant himself has talked to her. But the defendant says he believes her to be a truthful woman and these are the facts and I believe if she were here, she would testify to them. She has not been seen, so far as the Court is informed. So I think that in view of the fact that counsel himself has not discussed it with the witness nor the defendant nor anybody else in the wide world, so far as the Court knows, and we do not know whether she did say she would testify to these facts, and it only comes to the attention of the Court that the defendant believes she would so testify because she was present, I do not think that ground is sufficient. I think the intent of the legislature was that the Court would have such facts as would lead the Court to believe that the witness would actually testify to what was alleged as material facts in the defense. As before stated, there is not any testimony before the Court that this woman would actually testify at all for the defense. She might or she might not. She has not said that she would, so far as the Court knows, or so far as counsel for the defendant knows. It is a belief of the defendant because he thinks she is a truthful woman. Under these circumstances I would not require the State to admit that if she were present she would testify to that.

"Now, as to not having the witness bound over, why, of course, I do not lay so much by that. That is the usual custom, yet counsel's statement that he has been unable to give his attention to the case clears that up. I think the Court ought to have such facts before it as would show that

the witness would actually testify to those facts before the testimony can be admitted. Therefore, the motion is over-ruled."

1. It will be observed that the motion was refused, not in the exercise of discretion, but for failure to comply with the rule. Rule 27 says: "A party applying for such postponement on account of the absence of a witness, shall set forth, under oath, in addition to the foregoing matters, what fact or facts he believes the witness, if present, would testify to and the grounds of such belief.

This affidavit complied with the rule. It states what facts he believes the witness would testify to and the grounds of such belief. There was proof before the Court that the appellant's attorney had gone to the home of the witness to get an interview with her, but had refrained from demanding a personal interview when he was reliably informed of the serious nature of her sickness. The law does not require more.

2. The application for the bench warrant was properly refused. From the showing made, it would have endangered the life of the witness to have brought her to Court, and the application for the warrant was properly refused.

There are other exceptions that complain of error in the conduct of the trial. Inasmuch as a new trial must be ordered, these questions are academic, and do not properly now arise.

3. The record shows that when the jury returned to the Court room "the jury thereupon retired and subsequently returned and reported that they found the following verdict, 'Guilty of manslaughter.' The same was thereupon published in open Court by the clerk. However, an inspection of the indictment shows the following indorsement written thereon, 'Manslaughter, T. S. Jones, Foreman.' The verdict was published in open Court by deputy clerk of Court. There is some conflict as to the

method and words of publication, as will hereinafter appear. This verdict was the basis of the motion for a writ for *habeas corpus,* and the refusal of the writ of *habeas corpus* based on this verdict is the subject matter of this appeal."

The Court of Sessions is a Court of general jurisdiction, and all things are presumed as to the regularity of the proceedings. We must, therefore, presume that when the clerk read the writing on the indictment he asked the jury, "And this is your verdict, so say ye all." The case does not show that any juror replied in the negative, or in any way expressed a dissent. This Court sees no uncertainty about this verdict. That the jury intended to find the appellant guilty of manslaughter is clear. The finding was announced in open Court and a correct record was made. At common law the verdict was oral. Am. & Eng. Ency. of Law (N. E.) 1042. There is no statute nor rule of Court that changes the common law rule. The exceptions complain that Judge Sease refused the writ of *habeas corpus.* His Honor did not refuse the writ, but refused to release the prisoner under the writ. These are very different things and we see no error in his refusing to discharge the prisoner.

The ruling on the question, a discharge of the prisoner, is sustained, but the order refusing a continuance is reversed and a new trial ordered.