22448

Douglas McArthur PRINGLE, Petitioner, v. STATE of South Carolina, Respondent.

(339 S. E. (2d) 127)

Supreme Court

*Graydon V. Olive, III* of *Law Offices of Holler, Dennis & Olive, Fitzgerald O'Conner, Jr.* and *Chief Atty. William Isaac Diggs* of *S. C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Frank L. Valenta, Jr.,* Columbia, *for respondent.*

Submitted Dec. 3, 1985.

Decided Jan. 15, 1986.

*Per Curiam:*

This matter is before the Court on a petition for writ of certiorari after the denial of petitioner's application for post-conviction relief. We grant certiorari and dispense with briefing. We affirm.

Petitioner was convicted of armed robbery and was sentenced to imprisonment for twenty-five (25) years. In his petition, he claims that he was never indicted and, therefore, the trial court lacked jurisdiction to try him. Petitioner bases this claim on the fact that the signature of the grand jury foreman does not appear on the indictment forms.

The post-conviction judge found petitioner was properly indicted and denied relief. The stamped application of "True Bill" on the indictment form was taken as conclusive proof the grand jury had voted to indict petitioner.

While it is preferable for the grand jury foreman to sign the true bill, the foreman's signature is not essential to the validity of the indictment when the indictment is in writing and published by the clerk. *See State v. Creighton,* 10 S.C.L. (1 Nott & McCord) 256 (1818). In the

absence of evidence to the contrary, the regularity of the proceedings of a court of general jurisdiction will be assumed. *See generally State v. Britt*, 235 S. C. 395, 111 S. E. (2d) 669 (1959); *State v. Jones*, 211 S. C. 319, 45 S. E. (2d) 29 (1947); *State v. Waring*, 109 S. C. 52, 95 S. E. 143 (1918). Here, there was testimony by the foreman of the grand jury that indicted petitioner that the regular procedure was to have the clerk publish the indictment in open court after the grand jury returned a true bill.

The post-conviction judge found that petitioner had been indicted based upon the stamped application of "True Bill" on the indictment form. This Court will affirm the lower court if there is any evidence in the record to support the lower court's findings, *Webb v. State*, 281 S. C. 237, 314 S. E. (2d) 839 (1984), and can affirm for any reason appearing in the record. Supreme Court Rule 4, § 8. Because there is evidence that the regular indictment procedure was followed in this case, the record supports the lower court's finding that petitioner was properly indicted and therefore the trial court had jurisdiction. The denial of post-conviction relief is

Affirmed.

HARWELL, J., not participating.