22520

The STATE, Respondent v. Terry BEACHUM, Appellant.

(342 S. E. (2d) 597)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III, South Carolina Office of Appellate Defense, Columbia, for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia; and *Solicitor William L. Ferguson,* York, *for respondent.*

Heard March 10, 1986.

Decided March 31, 1986.

NESS, Chief Justice:

Appellant was convicted of burglary, first degree criminal sexual conduct and kidnapping. He asserts the trial court

was without jurisdiction to try him for kidnapping. We agree and reverse the conviction and sentence for kidnapping.

Appellant broke into Deborah Bruce's home while Mrs. Bruce and her children were sleeping. He awoke Mrs. Bruce's four-year-old daughter, took the child into the woods outside the home and sexually assaulted her. Appellant then fled, leaving his clothing and a wallet containing his identification.

Appellant was charged with burglary, first degree criminal sexual conduct and kidnapping. Separate indictments on each of the charges were submitted to the grand jury. All three indictments were returned to the solicitor, and appellant was brought to trial.

After the jury was sworn and testimony from several witnesses was taken, the solicitor noticed that the kidnapping indictment was neither signed by the grand jury foreman nor stamped as "true billed." With consent of defense counsel, the trial was temporarily suspended while the kidnapping indictment was submitted to the grand jury. The indictment was true billed and published by the clerk, and trial proceeded.

■ Appellant argues the trial court lacked subject matter jurisdiction to convict him for kidnapping when there was no indictment for kidnapping at the time the jury was sworn. We agree. "No person shall be held to answer for any crime unless on a presentment or indictment of a grand jury." South Carolina Constitution, Article I, Section 11; S. C. Code Ann. Section 17-19-10 (1976). Presentment of a grand jury is a condition precedent to the trial of a crime except in certain minor offenses. *State v. Hann*, 196 S. C. 211, 12 S. E. (2d) 720 (1940). Presentment during trial did not remedy the lack of subject matter jurisdiction which existed at the commencement of trial. Appellant's kidnapping conviction and sentence are vacated.

Appellant argues the reversal of the kidnapping conviction requires reversal of the burglary conviction. This issue is not raised by exception and will not be considered by the Court.

■ Appellant also asserts error in the trial court's exclusion from the courtroom of all spectators while the

testimony of the four-year-old victim was videotaped. There was no objection at trial to the State's motion and the issue will not be considered on appeal. *State v. Vanderbilt*, 340 S. E. (2d) 543 (S. C. 1986).

The conviction for kidnapping is reversed, and the convictions for burglary and first degree criminal sexual conduct are affirmed.

Affirmed in part; reversed in part.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.