24126

Jeffrey Scott PLANTE, Respondent v. STATE of South Carolina, petitioner.
(446 S.E. (2d) 437)

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. James Patrick Hudson,* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for petitioner.*

*Nora B. Lewis,* Union, *for respondent.*

Submitted June 10, 1994.

Decided July 18, 1994; Reh. Den. Aug. 10, 1994.

FINNEY, Justice:

We granted certiorari to review the circuit court's grant of postconviction relief (PCR) to respondent. The PCR judge found the circuit court lacked jurisdiction to accept respondent's 1986 guilty plea. we disagree with this finding, and reverse.

In 1985 respondent pled guilty to two counts of assault and battery of a high and aggravated nature (ABHAN) and received a prison term and was ordered to pay restitution. This plea was predicated on two indictments which had been true-billed by the Union County Grand Jury in October 1985. Respondent subsequently sought and obtained a circuit court order granting him PCR on the 1985 plea. The State sought review of that order by certiorari. While that petition for certiorari was pending, respondent and the State entered plea negotiations. As a result of these negotiations in 1986, two new indictments were drawn, respondent waived their presentment in writing, and pled guilty. Respondent was sentenced to time served and payment of restitution. The State subsequently withdrew its petition for certiorari.

Several years later respondent brought this action challenging the circuit court's jurisdiction to accept his 1986 plea. The circuit court found no jurisdiction and vacated the plea. The State asserts this finding was error, relying in part on an unpublished order in a different case and in part on a  contention the parties conferred jurisdiction on the circuit court by consent. The State may not properly rely on the unpublished order, Rule 239(d)(2), SCACR, and it is axiomatic that the parties cannot confer jurisdiction by consent.

*E.g., State v. Riddle,* 300 S.C. 268, 387 S.E. (2d) 455 (1990); *State v. Beachum,* 288 S.C. 325, 342 S.E. (2d) 597 (1986). We find, however, that the circuit court had jurisdiction to accept respondent's plea to the 1986 indictments because he waived presentment in writing prior to the plea. S.C. Code Ann. § 17-23-130 (1985). The pending certiorari request concerned the 1985 indictments, and not the indictments to which respondent pled. Accordingly, the order granting respondent PCR for lack of jurisdiction is

Reversed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.