512 S.E.2d 497

Philip S. PORTER, Consumer Advocate for the State of South Carolina, Petitioner,

v.

Lee P. JEDZINIAK, Director of the South Carolina Department of Insurance, and the South Carolina Department of Insurance, Respondents.

Supreme Court of South Carolina.

Jan. 22, 1999.

## ORDER

This matter is before the Court on a petition for a writ of mandamus. Because of the exigencies of time, we agreed to entertain this matter in the Court's original jurisdiction and heard oral arguments of the parties.

Legislation which will significantly alter the South Carolina system of automobile insurance is set to go into effect on March 1, 1999. *See* 1997 S.C.Acts 154. At issue in this matter is one aspect of this legislation which abolishes the requirement of public notice when automobile insurers request a rate increase of seven per cent or less. *See* S.C.Code Ann. § 38–73–910(A) and (B) (Supp.1998). Until February 28, 1999, however, the current version of section 38–73–910 requires that before a rate increase is granted, public notice must be given at least thirty (30) days in advance of the

18

insurer's proposed effective date.  S.C.Code Ann. § 38-73-910 (Supp.1998).

In anticipation of the new rating system, several automobile insurers have filed for rate increases with a proposed effective date of March 1, 1999.  Respondents have taken the position that the new statute applies to these filings, and therefore, public notice is not required.  The Consumer Advocate (petitioner) has filed a petition for a writ of mandamus requesting this Court to direct respondents to issue notices of these filings, which in turn would trigger rights to public hearings on the proposed rate increases.  Respondents have filed a return opposing the petition.

State Farm Mutual Automobile Insurance Company and the National Association of Independent Insurers have jointly filed a petition for leave to appear as amici curiae.  In addition, the American Insurance Association has filed a petition for leave to appear as amicus curiae.  The South Carolina Association of Auto Insurance Agents has also filed a petition for leave to appear as amicus curiae.

The primary purpose of a writ of mandamus is to enforce an established right and to enforce a corresponding imperative duty created or imposed by law.  *Willimon v. City of Greenville*, 243 S.C. 82, 132 S.E.2d 169 (1963).  To obtain a writ of mandamus requiring the performance of an act, the petitioner must show (1) a duty of respondent to perform the act, (2) the ministerial nature of the act, (3) the petitioner's specific legal right for which discharge of the duty is necessary, and (4) a lack of any other legal remedy.  *Redmond v. Lexington County School Dist. No. Four*, 314 S.C. 431, 437, 445 S.E.2d 441, 445 (1994) (citing *Willimon v. City of Greenville, supra* ).

Petitioner argues that the clear language of section 38-73-910 requires respondents to issue notice of filings for rate increases set to take effect on March 1, 1999.  Respondents, on the other hand, argue that the legislature intended the new system of automobile insurance to be "operational" beginning on March 1, 1999, and that petitioner's interpretation of section 38-73-910 would frustrate legislative intent.

Section 38–73–910 in its current form reads as follows in relevant part:

No increase in the premium rates may be granted for automobile ... insurance, ... unless notice is given in all newspapers of general, statewide circulation at least thirty days in advance of the insurer's proposed effective date of the increase in premium rates. The notice shall state the amount of increase, the type and line of coverage, and the proposed effective date and shall allow any insured or affected party to request within fifteen days a public hearing upon the propriety of the rate increase request before the Administrative Law Judge Division. A copy of the notice must be sent to the Consumer Advocate.

S.C.Code Ann. § 38–73–910 (Supp.1998). The plain language of section 38–73–910 imposes a duty on respondents to issue public notice at least thirty days prior to a rate increase's proposed effective date. In order for a rate increase to be effective as of March 1, 1999, it must naturally be granted prior to that date. Therefore, regarding the filings at issue in this matter, the time at which this duty arises is clearly thirty days *prior to* March 1, 1999. Because the new statute is not in effect *until* March 1, 1999, it is our opinion that the current version of section 38–73–910 applies to filings for rate increases with a proposed effective date of March 1, 1999.

Accordingly, we grant the petition for a writ of mandamus. We direct respondents to apply the current version of section 38–73–910 to filings which request a rate increase with an effective date of March 1, 1999. In addition, we deny each petition for leave to appear as amicus curiae as moot.

IT IS SO ORDERED.

/s/ Ernest A. Finney, Jr., C.J.

/s/ Jean H. Toal, J.

/s/ James E. Moore, J.

/s/ John H. Waller, Jr., J.

/s/ E.C. Burnett, III, J.