527 S.E.2d 398

**Moses ANDERSON, Appellant,**

v.

**STATE of South Carolina, Respondent.**

**No. 3112.**

Court of Appeals of South Carolina.

Submitted Dec. 7, 1999.

Decided Feb. 7, 2000.

Chief Attorney Daniel T. Stacey, SC Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy, Attorney General John W. McIntosh, Assistant Deputy, Attorney General Teresa A. Knox, Assistant Attorney General J. Benjamin Aplin, Columbia, for respondent.

HUFF, Judge:

Moses Anderson appeals the dismissal of his petition for a writ of mandamus. We affirm the appealed order, but remand for a subject matter jurisdiction hearing.

## FACTUAL/PROCEDURAL HISTORY

In 1985, Anderson received a life sentence upon conviction for murder in York County. He then unsuccessfully pursued two applications for post-conviction relief, a belated direct appeal, and a federal petition for a writ of habeas corpus.

Anderson then filed a petition for a writ of mandamus, asking the circuit court to order the York County Clerk of Court to provide him copies of (1) the grand jury transcripts involving his indictment, (2) a list of the grand jurors who considered his indictment, and (3) documentary proof that the grand jury was qualified by a circuit judge in open court. The circuit court dismissed Anderson's petition, noting the "York County Clerk of Court is under no duty to produce these documents and [Anderson] has no specific legal right to them because they are all secret." Anderson filed a motion for reconsideration, which the court denied. Anderson then filed this appeal.

## LAW/ANALYSIS

### I. Writ of Mandamus

Anderson argues the trial court erred in denying his petition for a writ of mandamus for production of the proceedings of the grand jury that indicted him. We disagree.

"The primary purpose of a writ of mandamus is to enforce an established right and to enforce a corresponding imperative duty created or imposed by law." *Porter v. Jedziniak*, 334 S.C. 16, 18, 512 S.E.2d 497, 497 (1999). A petitioner seeking a writ of mandamus to require the performance of an act "must show (1) a duty of respondent to perform the act, (2) the ministerial nature of the act, (3) the petitioner's specific

legal right for which discharge of the duty is necessary, and (4) a lack of any other legal remedy." *Id.* at 18, 512 S.E.2d at 498.

We hold the circuit court properly dismissed Anderson's petition because Anderson possesses no specific legal right to the requested information and the clerk of court has no duty to provide it. Granting Anderson's request for the grand jury transcripts involving his case would violate this state's long held policy that "[i]nvestigations and deliberations of a grand jury are conducted in secret and are, as a rule, legally sealed against divulgence." *State v. Whitted,* 279 S.C. 260, 262, 305 S.E.2d 245, 246 (1983), *overruled on other grounds by State v. Collins,* 329 S.C. 23, 495 S.E.2d 202 (1998); *see also Ex parte McLeod: In Re Cannon,* 272 S.C. 373, 252 S.E.2d 126 (1979); *State v. Rector,* 158 S.C. 212, 155 S.E. 385 (1930).

## II. Subject Matter Jurisdiction Hearing

In addition to his argument regarding his petition for a writ of mandamus, Anderson requests a hearing to determine whether the court which tried him for murder was vested with subject matter jurisdiction. He cites the absence of the term "true bill" on the face of the indictment against him as grounds for the hearing. We find his request proper, and accordingly remand.

The State argues this issue is not preserved because Anderson did not raise the issue to the circuit court in his mandamus petition. However, subject matter jurisdiction may be raised at any time. *State v. Ervin,* 333 S.C. 351, 510 S.E.2d 220 (Ct.App.1998). Thus, Anderson's failure to raise the issue prior to this appeal does not preclude our consideration of it.

"No person may be held to answer for any crime ... unless on a presentment or indictment of a grand jury of the county where the crime has been committed." S.C. Const. art. I, § 11. The law requires presentment of a grand jury as a condition precedent to the trial of a crime, excepting certain minor offenses. *State v. Beachum,* 288 S.C. 325, 342 S.E.2d 597 (1986). A conviction obtained without the presentment of a grand jury will be voided on appeal. *State v. Hann,* 196 S.C. 211, 12 S.E.2d 720 (1940). However, a facial irregu-

larity does not render an indictment invalid "where the indictment is in writing and published by the clerk." *State v. Bultron,* 318 S.C. 323, 329, 457 S.E.2d 616, 619 (Ct.App.1995). Furthermore, the regularity of proceedings in a court of general jurisdiction "will be assumed" absent evidence to the contrary. *Pringle v. State,* 287 S.C. 409, 410–11, 339 S.E.2d 127, 128 (1986).

In *State v. Bultron,* this court considered a conviction based on an indictment which was "signed by the grand jury foreman but was not stamped or otherwise marked as a 'true bill' or a 'no bill.'" *Bultron,* 318 S.C. at 328, 457 S.E.2d at 619. The trial court held a hearing on the defendant's motion to quash the indictment because of this defect. At the hearing, the State produced testimony from the grand jury's docket coordinator that during the term in question, the grand jury considered and acted on all indictments presented and returned no "no bills." Because of this evidence that the grand jury had in fact "true billed" the indictment, this court agreed with the trial court's assessment that the lack of a "true bill" stamp was merely a scrivener's error and found the conviction was obtained with subject matter jurisdiction. *Bultron,* 318 S.C. at 329–330, 457 S.E.2d at 620.

In the instant case, the grand jury foreman signed and dated the murder indictment against Anderson. However, though this certainly suggests the grand jury deliberated and reached a decision on the indictment, the document bears no indications of whether the grand jury "true billed" or "no billed" it. Nor do we have any additional evidence before us, as did the court in *Bultron,* as to what action the grand jury took. We therefore remand the case for a hearing on whether the trial court was properly vested with subject matter jurisdiction during Anderson's murder trial. At the hearing, the State shall bear the burden of proving subject matter jurisdiction.

## CONCLUSION

Accordingly, the appealed order is affirmed and the case is remanded for a subject matter jurisdiction hearing.

**AFFIRMED AND REMANDED.**

CURETON and HOWARD, JJ., concur.