533 S.E.2d 329

**The STATE of South Carolina, Respondent,**

v.

**Marcus Antonio GRIM, Appellant.**

No. 25144.

Supreme Court of South Carolina.

Heard April 5, 2000.

Decided June 12, 2000.

---

Chief Attorney Daniel T. Stacey and Assistant Appellate Defender Melissa J. Reed Kimbrough, of the South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Derrick K. McFarland; and Solicitor Donald V. Myers, of Lexington, for respondent.

BURNETT, Justice:

We are asked to determine whether the trial court had subject matter jurisdiction to accept appellant's guilty plea when the indictment was not stamped "true bill." We remand for a hearing to determine whether the indictment was true billed.

## FACTS

Appellant Marcus Antonio Grim pled guilty to charges of murder, armed robbery, criminal conspiracy, possession of a firearm during the commission of a violent crime, and pointing a firearm. He was sentenced to thirty years for the murder, with all the other sentences to run concurrently. The day after his plea, defense counsel discovered the armed robbery indictment, while signed and dated by the foreman of the grand jury, did not indicate the action taken by the grand jury.[1] At a subsequent hearing, the trial judge stated he had taken the grand jury's report and every indictment submitted to it that day was true billed; however, there is no actual evidence of this in the record. The trial judge stated to appellant:

> There are two ways that I can go about correcting this, one would be to have the foreman of the grand jury come back

---

1. The indictments for the other crimes are not challenged.

up here and I would have him testify as to the action they took. The other would be if you would be willing to waive presentment to the grand jury of this indictment so that the plea that I took yesterday would then be in proper order and proper form.

Appellant agreed to waive presentment.

## ISSUE

Did the trial court have subject matter jurisdiction to accept appellant's plea?

## DISCUSSION

Appellant argues the trial court did not have subject matter jurisdiction to accept his guilty plea to the armed robbery indictment because the indictment did not indicate whether it had been true billed by the grand jury. We remand to the trial court for a hearing to determine whether the indictment was true billed.

With a few exceptions not relevant here, a circuit court does not have subject matter jurisdiction to hear a guilty plea unless the defendant has been indicted by a grand jury or has waived presentment. *Carter v. State,* 329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998). As a threshold matter, appellant's waiver of presentment the day after his plea did not act to confer subject matter jurisdiction on the court. *See State v. Beachum,* 288 S.C. 325, 342 S.E.2d 597 (1986). Furthermore, parties cannot confer subject matter jurisdiction by consent. *Plante v. State,* 315 S.C. 562, 446 S.E.2d 437 (1994). Subject matter jurisdiction can be raised at any time. *Carter,* 329 S.C. at 355, 495 S.E.2d at 777.

Proceedings in a court of general jurisdiction will be presumed regular absent evidence to the contrary. *Pringle v. State,* 287 S.C. 409, 339 S.E.2d 127 (1986). In *Pringle,* we held an indictment which the grand jury foreman failed to sign was proper and the lower court had jurisdiction where there was evidence the regular indictment procedure had been followed. However, the jury foreman's signature is not essential to the validity of the indictment. *Id.*

Relying on *Pringle,* the Court of Appeals has held an indictment proper even though it was not stamped "true bill," where there was evidence in the form of sworn testimony from the grand jury's docket coordinator, a court reporter, and a legal secretary that the indictment was in fact true billed. *State v. Bultron,* 318 S.C. 323, 457 S.E.2d 616 (Ct.App.1995) *cert. denied* (Dec. 8, 1995). The Court of Appeals treated the failure to stamp "true bill" on the indictment as a scrivener's error.

In contrast, the Court of Appeals recently remanded a case for a hearing to determine whether the grand jury true billed an indictment where the indictment was signed and dated by the foreman, but there was no evidence to show the action taken by the grand jury. *Anderson v. State,* 338 S.C. 629, 527 S.E.2d 398 (2000). *Anderson* is virtually identical to the present case.

■ We find the Court of Appeals' reasoning in *Bultron* and *Anderson* persuasive and remand for a hearing to determine whether the indictment at issue was true billed. When confronted with issues as presented here, a trial court has several alternatives. The court may conduct an evidentiary hearing to determine whether the indictment was true billed; or resubmit the indictment for grand jury consideration; or effect a waiver of presentment of the indictment to the grand jury and, again, entertain the defendant's plea; or simply allow withdrawal of the plea and proceed anew. The trial court record must establish subject matter jurisdiction. The procedure for publication of bills of indictment varies from county to county and no one procedure is more or less effective than another. However, caution must be exercised to ensure the presence of subject matter jurisdiction.

**REMANDED.**

TOAL, C.J., MOORE, WALLER, and PLEICONES, JJ., concur.