THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
James Scott,       
Appellant.
 
 
 

Appeal From Aiken County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2003-UP-037
Submitted November 20, 2002  Filed 
 January 15, 2003

REMANDED

 
 
 
Chief Appellate Defender Daniel T. Stacey, of Columbia, for 
 appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Attorney General W. Rutledge Martin, all 
 of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for respondent.
 
 
 

 PER CURIAM:  In 1998, 
 James Scott pled guilty to criminal sexual conduct with a minor in the second 
 degree and was sentenced to ten years imprisonment suspended on the service 
 of five years probation.  He also pled guilty to possession of crack cocaine 
 and was sentenced to five years imprisonment.  In 2002, Scott pled guilty to 
 failure to register as a sex offender and violation of community supervision.  
 He was sentenced to ninety days imprisonment for failing to register and had 
 one year of his probation revoked for violating community supervision.
Scott appeals arguing the trial court lacked subject 
 matter jurisdiction over the underlying offenses from 1998 upon which his alleged 
 2002 violations were premised.  We remand for an evidentiary hearing pursuant 
 to State v. Grim, 341 S.C. 63, 66, 533 S.E.2d 329, 330 (2000).
DISCUSSION
Scott asserts the trial court did not have subject 
 matter jurisdiction to accept his guilty pleas with respect to both charges 
 from 1998 because the indictments do not indicate what action, if any, was taken 
 by the grand jury. [1] 
Because of its fundamental nature, the issue of 
 a defect in subject matter jurisdiction may be raised at any time including 
 when raised for the first time on appeal to this Court.  Brown v. State, 
 343 S.C. 342, 346, 540 S.E.2d 846, 848-49  (2001).  Furthermore, this Court 
 must, on its own motion, raise the issue of subject matter jurisdiction to ensure 
 the orderly administration of justice.  State v. Castleman, 219 S.C. 
 136, 139, 64 S.E.2d 250, 252 (1951).
A court without subject matter jurisdiction may 
 not properly act and any action taken by that court is void and without 
 legal effect.  Brown, 343 S.C. at 346, 540 S.E.2d. at 849; State v. 
 Funderburk, 259 S.C. 256, 261, 191 S.E.2d 520, 522 (1972).  The subject 
 matter jurisdiction of a court is determined by the Constitution, the laws 
 of the state, and is fundamental.  Anderson v. Anderson, 299 S.C. 110, 
 115, 382 S.E.2d 897, 900 (1989).
[N]o person may be held to answer for any crime 
 . . . unless on a presentment or indictment of a grand jury . . . .  The General 
 Assembly may provide for the waiver of an indictment by the accused.  S.C. 
 Const. art. I, § 11; see also S.C. Code Ann. § 17-23-130 (Supp. 2001) 
 (providing for the waiver of presentment of indictments).  Our supreme court 
 has held that in the absence of an indictment by the grand jury . . . or a 
 valid waiver of presentment of indictment, the circuit court lacks subject matter 
 jurisdiction over the offense.  State v. Evans, 307 S.C. 477, 479, 415 
 S.E.2d 816, 817 (1992); see also Grim, 341 S.C. at 66, 533 S.E.2d 
 at 330 (holding a circuit court does not have subject matter jurisdiction to 
 hear a guilty plea unless the defendant has been indicted by a grand jury or 
 has waived presentment).
Moreover, where a question exists regarding whether 
 an indictment was true-billed or a valid waiver was executed, this Court should 
 remand the case to the circuit court to conduct an evidentiary hearing to determine 
 whether the indictment was true-billed; or resubmit the indictment for grand 
 jury reconsideration; or effect a waiver of presentment of the indictment to 
 the grand jury and, again, entertain the defendants plea; or simply allow withdrawal 
 of the plea and proceed anew.  Id. at 67, 533 S.E.2d at 330.
In the present case, Scott argues, the State concedes, 
 and the record evidences, neither indictment was properly stamped true-billed, 
 and Scott never affected a waiver of presentment.
CONCLUSION
Therefore, this case is remanded for a hearing 
 to determine whether the absence of the words true bill from the face of the 
 indictments was a mere scriveners error.  On remand, if the State cannot prove 
 the circuit court was properly vested with subject matter jurisdiction, the 
 circuit court is ordered to vacate Scotts conviction.  See id.
REMANDED. [2] 
CONNOR, STILWELL, and HOWARD, JJ., concur.

 
 
 [1] A review of the 1998 indictments reveals no indication that either 
 of them was stamped true-billed, nor that a waiver of presentment was executed 
 by Scott.

 
 [2] Because oral argument would not aid the Court in 
 resolving any issue on appeal, we decide this case without oral argument pursuant 
 to Rule 215, SCACR.