THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Leroy Luckette,       
Appellant.
 
 
 

Appeal From Orangeburg County
Luke N. Brown, Jr., Circuit Court Judge

Unpublished Opinion No.   2003-UP-104
Submitted September 25, 2002 - Filed 
 February 5, 2003

AFFIRMED IN PART AND VACATED IN PART

 
 
 
Senior Assistant Appellate Defender 
 Wanda H. Haile, of Columbia; for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General Charles H. Richardson, Assistant Deputy Attorney General Charles H. 
 Richardson, of Columbia; Solicitor Walter M. Bailey, Jr., of Summerville; for
Respondent(s).
 
 
 

PER CURIAM:   Leroy Luckette appeals his 
 plea of guilty to assault and battery with intent to kill, armed robbery, and 
 failure to stop for a blue light/siren.   The trial judge sentenced Luckette 
 to three years imprisonment for failure to stop for a blue light/siren, twenty 
 years imprisonment for assault and battery with intent to kill, and thirty years 
 imprisonment for armed robbery.  The sentences for armed robbery and 
 assault and battery with intent to kill were to be served consecutively.  
 We affirm in part and vacate in part.
Pursuant to Anders v. California, 386 U.S. 
 738 (1967), counsel for Luckette attached to the final brief a petition to be 
 relieved as counsel, stating she had reviewed the record and concluded Luckettes 
 appeal is without legal merit.  Luckette did not file a separate pro 
 se response.
FACTS
On July 31, 2000, the victim was staying at the Quality 
 Inn in Orangeburg.  At approximately 12:30 a.m., Luckette confronted the victim 
 outside of his room.  Luckette aimed a .410 shotgun at him and demanded money 
 and the victims car keys.  After taking the victims wallet, Luckette shot 
 him in the face.  While he was on the ground, Luckette pointed the shotgun and 
 attempted to shoot a second time, but the gun jammed.  Luckette then took the 
 victims keys and stole his vehicle.  
Officers with the Highway Patrol responded to a 911 
 call identifying the victims vehicle.  The trooper who spotted the vehicle 
 signaled Luckette to stop.  When Luckette failed to stop, a high-speed chase 
 ensued.  Ultimately, Luckette was apprehended after he lost control of the vehicle.  
 A search of the vehicle revealed a shotgun and several items belonging to the 
 victim.
Later that night, two people at the Quality Inn identified 
 Luckette.  Luckette also gave a statement to the police in which he admitted 
 his guilt.
DISCUSSION
After a thorough review of the record 
 pursuant to Anders and State v. Williams, 305 S.C. 116, 406 S.E.2d 
 357 (1991), we find the only issue of arguable merit concerns the indictment 
 for the offense of failure to stop for a blue/light siren. [1]   This indictment is not true billed or signed/dated by the 
 foreperson the grand jury.  Nor is there a written waiver of presentment to 
 the grand jury by Luckette.  As such, we ordered the parties to provide this 
 Court with a valid indictment or evidence of jurisdiction.
In response, the State informed this 
 Court that the only indictment for this offense is the one included in the record 
 on appeal.  Appellate Defense provided this Court with a letter that confirmed 
 the absence of a valid indictment.  Because we have not received the requisite 
 jurisdictional information, we find the indictment is invalid and the circuit 
 court was without jurisdiction for this offense.  See S.C. Const. art. 
 I, § 11 (No person may be held to answer for any crime . . . unless on a presentment 
 or indictment of a grand jury of the county where the crime has been committed 
 . . . The General Assembly may provide for the waiver of an indictment by the 
 accused.); State v. Evans, 307 S.C. 477, 479, 415 S.E.2d 816, 817 (1992) 
 ([I]n the absence of an indictment by the grand jury . . . or a valid waiver 
 of presentment of indictment, the circuit court lacks subject matter jurisdiction 
 over the offense.); State v. Beachum, 288 S.C. 325, 342 S.E.2d 597 (1986) 
 (holding the law requires presentment of a grand jury as a condition precedent 
 to the trial of a crime, excepting certain minor offenses); Anderson v. State, 
 338 S.C. 629, 527 S.E.2d 398 (Ct. App. 2000) (holding a conviction obtained 
 without the presentment of a grand jury will be voided on appeal).
Accordingly, we vacate Luckettes conviction for 
 failure to stop for a blue light/siren.  We affirm his convictions for assault 
 and battery with intent to kill and armed robbery, and grant counsels petition 
 to be relieved.
AFFIRMED IN PART AND VACATED IN PART.
CONNOR, STILWELL, and HOWARD, JJ., concur.

 
 [1]             Because the sufficiency of the indictment 
 is the only issue of arguable merit, we need not again address the voluntariness 
 of Luckettes plea.