THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Moses Anderson,       
Appellant,
 
 
 

v.

 
 
 
State of South Carolina,       
Respondent.
 
 
 

Appeal From York County
 Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2003-UP-130
Submitted January 10, 2003  Filed February 19, 2003 

APPEAL DISMISSED

 
 
 
Chief Attorney Daniel T. Stacey, of Columbia; for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh and Assistant Deputy Attorney General B. Allen Bullard, 
 all of Columbia; for Respondent.
 
 
 

PER CURIAM:  Moses Anderson appeals his 
 conviction for murder, arguing that the state failed to prove his indictment 
 was true-billed.  Pursuant to Anders v. California, 386 U.S. 738 (1967), 
 Andersons counsel attached a petition to be relieved as counsel to the final 
 brief, stating she reviewed the record and concluded this appeal lacks merit.  
 Anderson filed a separate pro se brief, in which he argues that even 
 if the State proved that the grand jury true-billed his indictment, the trial 
 court lacked subject matter jurisdiction because the indictment returned by 
 the grand jury failed to allege the element of intent.  We dismiss [1] Andersons appeal and grant counsels 
 motion to be relieved.  
FACTS/PROCEDURAL HISTORY
A jury found Anderson guilty of murder in 1985, and 
 he was sentenced to life in prison. In 1998, Anderson filed a writ of mandamus 
 in which he alleged that the trial court lacked subject-matter jurisdiction 
 to convict him.  The state moved the circuit court for summary dismissal, and 
 the circuit court granted the motion. Anderson appealed, and our court remanded 
 the case for a hearing into subject-matter jurisdiction because the indictment, 
 although signed by the forelady of the jury, did not indicate whether or not 
 it was true-billed. 
At the subject matter jurisdiction hearing, the State 
 presented two witnesses.  Its first witness was Darvin Dover who was an employee 
 of the police department and who presented criminal cases to the grand jury 
 at time of Andersons indictment. Dover testified that he put a checkmark on 
 the file of every case that was true-billed and that Andersons file had such 
 a checkmark. The States second witness was Robin Shillinglaw, who was the forelady 
 of the grand jury in 1985. Although Shillinglaw admitted that she had no individual 
 recollection of Andersons case, she testified that during her period on the 
 grand jury, the members only no-billed one case, and that involved drugs or 
 alcohol, not murder.
The circuit court found that this circumstantial evidence 
 was sufficient to meet the states burden of proving by a preponderance of evidence 
 that a true bill was returned on the indictment against Anderson. Anderson appeals.
ISSUE
Anderson argues the State failed 
 to prove that his indictment was true-billed by the grand jury.  Without a true-billed 
 indictment, the circuit court did not have subject matter jurisdiction to convict 
 him of murder.
A facial irregularity in an indictment does not 
 render the indictment invalid where the indictment is in writing and published 
 by the clerk.  State v. Bultron, 318 S.C. 323, 328, 457 S.E.2d 616, 
 619 (Ct. App. 1995) citing Pringle v. State, 287 S.C. 409, 339 
 S.E.2d 127 (1986).  The failure to stamp true bill may be considered a scriveners 
 error where other evidence indicates that the indictment was true-billed.  Bultron, 
 318 S.C. at 329-330, 457 S.E.2d at 620.    Absent evidence to the contrary, 
 proceedings in a court of general jurisdiction will be presumed regular.  Pringle, 
 287 S.C. 409, 339 S.E.2d 127.
In this case, a law enforcement officer testified 
 that he was present in the courtroom when the indictments were returned by the 
 grand jury and that he made a checkmark on Andersons folder to indicate Andersons 
 indictment had been true-billed.  In addition to this testimony, the forelady 
 of the grand jury testified that she remembered only no billing one indictment 
 and that the no-billed indictment was not a murder case.  
Because 
 it is evident from the record that 1) the subject indictment is in writing and 
 signed by the grand jury forelady; 2) the State presented circumstantial evidence 
 that the indictment was true billed; and 3) no evidence presented suggested 
 the indictment was no billed, we agree with the circuit court that Andersons 
 indictment was true-billed.  Thus, the circuit court had jurisdiction to convict 
 Anderson. 
PRO SE ISSUE 
In his pro se brief, Anderson argues that 
 the circuit court lacked subject matter jurisdiction because the indictment 
 returned by the grand jury failed to allege the element of intent.  However, 
 the body of Andersons indictment states that the Grand Jurors of York County 
 present upon their oath that Moses Anderson, Jr. did with malice aforethought 
 . . . kill one Leroy Hemphill[.]  Malice aforethought is defined as an intent, 
 at the time of a killing, willfully to take the life of a human being, or an 
 intent willfully to act in callous and wanton disregard of consequences to human 
 life[.]  Blacks Law Dictionary 957 (6th ed. 1990).  Therefore, Andersons 
 indictment alleged the element of intent, and the circuit court had subject 
 matter jurisdiction to convict Anderson.
CONCLUSION
We dismiss Andersons appeal and grant counsels motion to be relieved.          
 
APPEAL DISMISSED.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.