THIS OPINION HAS 
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN 
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Keith B. Bruce,       
Appellant.
 
 
 

Appeal From Oconee County
Alexander S. Macauley, Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-223
Submitted January 29, 2004  Filed March 
 30, 2004

REMANDED 

 
 
 
E. Delane Rosemond, of Seneca, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Senior Assistant Attorney General Harold M. Coombs, all of Columbia; and Solicitor 
 Druanne D. White, of Anderson, for Respondent.
 
 
 

 PER CURIAM:  Keith B. Bruce was 
 convicted of distribution of marijuana and distribution of marijuana within 
 the proximity of school.  Subsequently, the circuit court sentenced him to ten 
 years imprisonment for distribution of marijuana and fifteen years imprisonment 
 for distribution of marijuana within the proximity of a school, the sentences 
 to run concurrently.  Bruce appeals, arguing the circuit court erred by denying 
 his motion for directed verdict.  We remand with instructions.
FACTUAL/PROCEDURAL BACKGROUND
Bruce was indicted for distribution of marijuana 
 and distribution of marijuana within the proximity of a school.  Subsequently, 
 a jury convicted him on both charges, and the circuit court sentenced him to 
 ten years imprisonment for distribution of marijuana and fifteen years imprisonment 
 for distribution of marijuana within the proximity of a school, the sentences 
 to run concurrently.  Bruce appeals.
LAW/ANALYSIS
Bruce argues the circuit court erred by denying 
 his motion for directed verdict.  We do not reach this issue, as we remand this 
 case for a determination of whether the grand jury true billed his indictments.
The jurisdiction of a court over the subject matter 
 of a proceeding is fundamental.  Brown v. State, 343 S.C. 342, 346, 540 
 S.E.2d 846, 848 (2001).  Thus, the lack of subject matter jurisdiction can be 
 raised at any time, can be raised for the first time on appeal, and can be raised 
 sua sponte by the court.  State v. Brown, 351 S.C. 522, 525-26, 570 S.E.2d 
 559, 560 (Ct. App. 2002).  
The circuit court lacks subject matter jurisdiction to convict 
 a defendant of an offense unless: 1) there has been an indictment that sufficiently 
 states the offense; 2) the defendant has waived presentment of the indictment; 
 or 3) the offense is a lesser-included offense of the crime charged in the indictment.  
 State v. Primus, 349 S.C. 576, 579, 564 S.E.2d 103, 105 (2002).   
When the action of the grand jury is not written on the indictment, 
 and evidence does not exist within the record to indicate the action of the 
 grand jury, an appellate court must remand the case to the circuit court for 
 a determination of whether the indictment was true billed.  See State 
 v. Grim, 341 S.C. 63, 67, 533 S.E.2d 329, 330 (2000) (holding where grand 
 jury foreman signed and dated the indictment but failed to state the action 
 of the grand jury, the appropriate remedy was to remand the case to the circuit 
 court for a determination of whether the grand jury true billed the indictment); 
 Anderson v. State, 338 S.C. 629, 633, 527 S.E.2d 398, 400 (Ct. App. 2000) 
 (same).  Furthermore, upon remand, the State bears the burden of proving subject 
 matter jurisdiction.  See Id. 
In the present case, the grand jury foreman signed and dated 
 both indictments.  However, no action of the grand jury is stamped or written 
 on either indictment.  Furthermore, no evidence exists within the record indicating 
 the action of the grand jury.  Thus, we remand the case for a hearing on whether 
 the circuit court was properly vested with subject matter jurisdiction during 
 Bruces trial. At the hearing, the State shall bear the burden of proving subject 
 matter jurisdiction.
CONCLUSION
For the foregoing reasons, this case is REMANDED to 
 the circuit court, and the appeal is stayed pending resolution of this 
 matter.
GOOLSBY, HOWARD, and KITTREDGE, JJ., concurring.