FACTS

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Charles B. Byers,       
Appellant.
 
 
 

Appeal From Berkeley County
Daniel  F.  Pieper, Circuit Court Judge

Unpublished Opinion No.  2005-UP-018
Submitted December 1, 2004  Filed January 
 13, 2005

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Dudek, Office of Appellate 
 Defense and Jeffrey P. Bloom, both of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, 
 all of Columbia; and Solicitor Ralph E. Hoisington, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Charles B. Byers appeals a 
 circuit courts determination that his indictment sufficiently conferred subject 
 matter jurisdiction.  We affirm. [1] 
FACTS
In December 1999, Byers was convicted of murder 
 and sentenced to life imprisonment.  Subsequently, Byers appealed the conviction 
 to this Court.  In State v. Byers, 2002-UP-486 (Ct. App. 2002), we remanded 
 the case for an evidentiary hearing to determine whether the circuit court possessed 
 subject matter jurisdiction in light of the fact that the indictment in the 
 record did not indicate whether it was true billed.  
The remand hearing was held on December 12, 2002.  
 The circuit court considered a variety of evidence, including indictments, testimony 
 from Carla D. Hartley, grand jury foreperson at the time of the disputed indictment, 
 and Sharon Cato, an employee in the county clerk of courts office.  
There are two indictments that are relevant to 
 the current appeal.  The First is signed by Hartley, and contains the notation 
 true underneath the heading VERDICT.  This indictment includes a 
 date of 6/30/99.  The second indictment is also signed by Hartley, but underneath 
 VERDICT the word guilty appears.  Beside guilty is the date 12/8/99.  
 Below these entries is the signature of the petit jury foreperson.  The circuit 
 court noted that two copies of the indictment existed because the original indictment 
 was redacted to omit the word true for petit jury use.  
Hartley testified she was not the regular grand jury 
 foreperson, but served in the absence of the previously appointed foreperson.  
 Although she did not have an independent recollection of Byers indictment, 
 Hartley testified it was her signature and explained that during the grand jury 
 process, she wrote either true or no on each indictment to signify whether 
 it was true billed or no billed.  Specifically, when questioned as to what 
 the word true signified, Hartley responded that [i]t meant that the entire 
 grand jury had voted that this particular case was a true bill.
Hartley was also questioned about the role a bailiff 
 played in the grand jury proceedings.  She explained that when she got to court 
 and discovered she would be foreperson, the bailiff was the one that brought 
 me the information and told me what to . . . do and how to sign [the indictment].  
 Later, she clarified that after the bailiff told her how to proceed and sign 
 the documents, he left the room, did not reappear until the grand jury was finished 
 deliberating, and only returned to usher in the next law enforcement officer.  

LAW/ANALYSIS
Byers contends the circuit court erred in finding 
 the State carried its burden of proof in showing the indictment properly vested 
 the court with subject matter jurisdiction.  He further contends the grand jury 
 proceedings were improper because of irregularities involving the role of the 
 bailiff in those proceedings.  We disagree.
Typically, a circuit court does not have subject 
 matter jurisdiction to hear a guilty plea unless the defendant has been indicted 
 by a grand jury or has waived presentment.  State v. Grim, 341 S.C. 
 63, 66, 533 S.E.2d 329, 330 (2000).  The lack of subject matter jurisdiction 
 may be raised at any time.  Id. at 66, 533 S.E.2d at 330.  In this case, 
 Byers did not waive presentment and he asserts irregularities in the indictment 
 process.  Proceedings in a court of general jurisdiction, however, will be presumed 
 regular absent evidence to the contrary.  Pringle v. State, 287 S.C. 
 409, 410-11, 339 S.E.2d 127, 128 (1986).
In Byers first appeal we were unable to determine 
 from the record if the indictments were properly true billed and accordingly, 
 we remanded the case to the trial court for that determination.  See 
 generally Anderson v. State, 338 S.C. 629, 633, 527 S.E.2d 398, 
 400 (Ct. App. 2000) (It is appropriate to remand to the trial court for a determination 
 when there is not sufficient evidence for the court to determine if the indictment 
 was true billed.).  The trial court heard evidence from the jury foreperson 
 and determined the indictment was properly true billed.  Byers argues the trial 
 court erred in ruling the State carried its burden of proof, and that such burden 
 is by clear and convincing evidence.
Multiple South Carolina cases have been remanded 
 for a determination of whether an indictment was true billed, yet none of these 
 has enunciated the burden of proof the State is required to meet.  Byers asserts 
 the burden is by clear and convincing evidence and that this standard is supported 
 by language from Grim that caution must be exercised to ensure the presence 
 of subject matter jurisdiction.  Grim, 341 S.C. at 66, 533 S.E.2d at 
 330.  The State, on the other hand, urges the court to adopt a preponderance 
 of the evidence standard.  Because it is unnecessary to our decision in this 
 case, we decline to adopt any specific standard as the evidence in this case 
 fulfills either.
In Pringle, an indictment was stamped true 
 bill, but did not contain the forepersons signature.  Pringle, 287 
 S.C. at 410, 339 S.E.2d at 128.  The court pointed to testimony by the foreperson 
 that rather than signing the indictment, the usual procedure was to have the 
 clerk publish the indictment in open court after the grand jury returned a true 
 billed indictment.  Id. at 411, 339 S.E.2d 128.  The court determined 
 the forepersons signature was not essential to the validity of an indictment.  
 Id. at 410, 339 S.E.2d 128.
Anderson involved an indictment that did 
 not contain the term true bill.  Anderson, 338 S.C. at 632, 527 S.E.2d 
 at 399.  The court remanded the case to determine if subject matter jurisdiction 
 existed because no evidence demonstrated that the indictment was true billed.   
 Id. at 633, 527 S.E.2d 400.  
Unlike Anderson, the record in Bultron, 
 contained extensive evidence that the grand jury true billed an indictment that 
 was not otherwise marked as true billed.  Id. at 328, 457 S.E.2d at 619.  
 The record contained testimony from the county docket coordinator that during 
 the term containing the Bultron indictment, the grand jury true billed 
 every proposed indictment.  Id. at 329, 457 S.E.2d at 619-20.  This testimony 
 was corroborated by the testimony of the court reporter present when the findings 
 of the grand jury were announced and a legal secretary for the county.  Id.
This case is factually similar to Bultron, 
 in that there is uncontroverted testimony by an individual involved in the process 
 that this indictment was true billed.  This testimony comes from the actual 
 grand jury foreperson, who testified that the indictment was signed by her, 
 marked true by her, and that by marking true, she signified the indictment 
 was true billed.  This evidence proves by either standard that this indictment 
 was properly true billed.
During the hearing on remand, there was also testimony 
 that the bailiff provided directions to the grand jury foreperson.  Byers argues 
 such direction constitutes active participation by the bailiff in the grand 
 jury process, and that advice to the grand jury should only come from a judicial 
 official.  After a thorough review of the record, we find the bailiffs directions 
 were administrative in nature and made necessary by the fact the normal grand 
 jury foreperson was absent.  The directions were given within the first few 
 minutes of the jury coming together and the foreperson made it clear in her 
 testimony that the bailiff was never a part of deliberations.  We find these 
 actions to have caused no prejudice.
CONCLUSION
Based on the foregoing, 
 the circuit courts order is
AFFIRMED.
HEARN, C.J., GOOLSBY and WILLIAMS,
JJ., concur.

 
 
 
 [1]   We decide this case without oral argument pursuant to Rule 215,
 SCACR.