**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Vondell Sanders, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-212070

---

Appeal From Orangeburg County
John L. Breeden Jr., Trial Court Judge
Diane Schafer Goodstein, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2015-UP-536
Heard October 13, 2015 – Filed November 25, 2015

---

**AFFIRMED**

---

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Assistant Attorney General Megan Harrigan Jameson, and Assistant Attorney General James Clayton Mitchell III, all of Columbia, for Respondent.

---

**PER CURIAM:** In this post-conviction relief (PCR) action, Vondell Sanders contends the PCR court erred in finding both of his trial counsels effective despite their failure to move for a mistrial when the trial transcript reflects responses from only eleven jurors during polling. Sanders also argues that even if the missing juror was present during polling, the PCR hearing testimony shows the verdicts were not unanimous because one juror testified she voted "not guilty." We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the PCR court erred in ruling the missing response during jury polling was an error in the transcript rather than a verdict from an eleven-member jury: *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding in order to prove ineffective assistance of counsel, petitioner must show both that counsel rendered deficient performance and this departure resulted in prejudice); *id.* at 690 (stating reviewing courts presume counsel was effective); *Smith v. State*, 386 S.C. 562, 566, 689 S.E.2d 629, 631 (2010) ("No prejudice occurs, despite trial counsel's deficient performance, where there is otherwise overwhelming evidence of the defendant's guilt."); *Anderson v. State*, 338 S.C. 629, 633, 527 S.E.2d 398, 400 (Ct. App. 2000) ("[T]he regularity of proceedings in a court of general jurisdiction 'will be assumed' absent evidence to the contrary." (quoting *Pringle v. State*, 287 S.C. 409, 410-11, 339 S.E.2d 127, 128 (1986))); *Porter v. State*, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006) (stating an appellate court gives a great amount of deference to the PCR court's findings of fact and conclusions of law); *Lee v. State*, 396 S.C. 314, 320, 721 S.E.2d 442, 446 (Ct. App. 2011) ("Any evidence of probative value to support the PCR court's factual findings is sufficient to uphold those findings on appeal."); *id.* at 319, 721 S.E.2d at 445 (stating when considering matters of credibility, this court should "give deference to the PCR court's findings because this court lacks the opportunity to directly observe the witnesses").

2. As whether or not the testimony of the purported missing juror indicated a non-unanimous jury verdict: *State v. Gee*, 262 S.C. 373, 379, 204 S.E.2d 727, 729 (1974) (holding an issue that is not ruled upon by the trial court is procedurally barred from being appealed); *Palacio v. State*, 333 S.C. 506, 514 n.7, 511 S.E.2d 62, 66 n.7 (1999) (stating if a PCR court did not rule on an issue, it is not preserved for appellate review); *Sheppard v. State*, 357 S.C. 646, 662, 594 S.E.2d 462, 471 (2004) (holding when a ruling goes unchallenged, right or wrong, it becomes the law of the case).

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**