23623

Darrell E. MURDOCK, Petitioner v. STATE of South Carolina, Respondent.
(417 S.E. (2d) 543)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey,* of *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Staff Atty. Lisa G. Jefferson,* Columbia, *for respondent.*

Submitted Feb. 19, 1992.

Decided April 6, 1992.

CHANDLER, Justice:

Petitioner Darrell E. Murdock (Murdock) pled guilty to possession of counterfeit LSD with intent to distribute and was sentenced to fifteen years. We vacate the plea and remand.

Murdock was originally indicted for possession with intent to distribute LSD pursuant to S.C. Code Ann. § 44-53-370(b)(1) (Supp. 1990). At the guilty plea proceeding, the indictment was amended to charge Murdock with possession of counterfeit LSD with intent to distribute pursuant to S.C. Code Ann. § 44-53-370(a)(2) (Supp. 1990). This amended indictment was not presented to the grand jury nor was presentment waived.

Except for certain minor offenses, the Circuit Court does not have jurisdiction to hear a guilty plea unless there has been an indictment, a waiver of indictment, or unless the charge is a lesser included offense of the crime charged in the indictment. *State v. Beachum*, 288 S.C. 325, 342 S.E. (2d) 597 (1986). The test for determining when a crime is a lesser included offense is whether the greater of the two offenses includes all the elements of the lesser offense.

Here, possession of counterfeit LSD with intent to distribute is not a lesser included offense of possession of LSD with intent to distribute. A counterfeit controlled substance is one which, without authorization, bears the label or trademark of a manufacturer other than the person who, in fact, manufactured the drug. S.C. Code Ann. § 44-53-110 (1976). Therefore, possession with intent to distribute a counterfeit substance contains an additional element which possession of the actual drug lacks, to wit, that the drug be counterfeit.

Since there was no indictment for possession with intent to distribute counterfeit LSD, the Circuit Court lacked jurisdiction to accept the plea. Accordingly, we vacate the plea and remand to the trial court for further proceedings.

Vacated and remanded.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.