THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State,       
 Respondent,
 
 
 

v.

 
 
 
Kenneth Bernard Scott,       
Appellant.
 
 
 

Appeal From Greenville County
Joseph J. Watson , Circuit Court Judge

Unpublished Opinion No. 2004-UP-088
Submitted December 23, 2003  Filed 
 February 12, 2004

APPEAL DISMISSED

 
 
 
Senior Assistant Appellate Defender Wanda P. Hagler, of Columbia, 
 for Appellant,
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  A jury found Kenneth Bernard 
 Scott guilty of possession of cocaine with intent to distribute, possession 
 of cocaine with intent to distribute within close proximity of a school, trafficking 
 in crack cocaine, and possession of crack cocaine with intent to distribute 
 within close proximity of a school. He was fined $50,000 and received concurrent 
 sentences on the four charges, the longest of which was for 21 years. 
 [1]   On appeal, Scotts counsel argues that the trial court erred in failing 
 to grant his motion for directed verdict on the charges.  In a response brief, 
 Scott raises eight issues dealing with subject matter jurisdiction, violations 
 of his Constitutional rights, and evidence suppression.  We dismiss Scotts 
 appeal and grant counsels petition to be relieved.
I.       FACTS/PROCEDURAL HISTORY
While conducting a midnight search 
 of Scotts fathers home pursuant to a valid search warrant based on a confidential 
 informants information, Sheriffs Department investigators found Scott standing 
 fully dressed and alone over a toilet in a bathroom in the home.  Someone had 
 apparently just tried to flush the toilet, because water was swirling in it.  
 An officer removed Scott from the bathroom and handcuffed him.  Another officer 
 found a bag containing crack cocaine in the toilet and a bag containing cocaine 
 on the floor where Scott had been found.  Investigating officers also found 
 Scotts father in a bedroom, and another man sitting in the kitchen.  was subsequently 
 indicted for one count each of possession of cocaine with intent to distribute, 
 possession of cocaine with intent to distribute within close proximity of a 
 school, trafficking in crack cocaine, and possession of crack cocaine with intent 
 to distribute within close proximity of a school.  
In a September 2000 trial, the State provided testimony 
 from six law enforcement officials who investigated the crime scene where Scott 
 was arrested.  Their testimony indicated that when law enforcement entered and 
 secured Scotts fathers house, they found Scotts father in bedroom, another 
 man in the kitchen, and Scott in the bathroom with the illegal drugs.  At the 
 conclusion of the States case, Scott made a motion for directed verdict based 
 on a claim that the evidence was insufficient to support the charges.  Specifically, 
 Scott maintained that the office did not see drugs in the bathroom where Scott 
 was found until Scott had been removed and secured, and that Scotts mere presence 
 alone was not enough to support the pending charges.  The trial court denied 
 the motion, finding sufficient circumstantial evidence existed to submit the 
 case to the jury.  Scott renewed the motion after all evidence was presented.  

Scott later filed a motion to reconsider his sentence, 
 for which the circuit judge held a hearing on April 21, 2001.  The judge issued 
 a written order three days later stating Motion for Reconsideration of Sentence 
 in this case is respectfully denied.  This appeal follows.
II.      ANDERS ISSUE
Scott contends that the trial court 
 erred in failing to grant his motion for directed verdict because he never had 
 actual or constructive possession of the drugs.  Specifically, Scott argues 
 that he had no actual possession of the drugs, and the evidence only suggests 
 his mere presence where the drugs were found rather than constructive possession 
 of the drugs.  Consequently, he concludes his state and federal due process 
 rights were violated.
Conviction of possession requires proof of possession, 
 either actual or constructive, coupled with knowledge of the drug's presence.  
 State v. Williams, 346 S.C. 424, 430, 552 S.E.2d 54, 57 (2001). Actual 
 possession occurs when the drugs are found to be in the actual physical custody 
 of the person charged with possession.  Id.  In order to prove constructive 
 possession, the State must show the defendant had dominion and control, or the 
 right to exercise dominion and control, over the drug.  Id.  Such possession 
 can be established by circumstantial or direct evidence or a combination of 
 the two.  Id.  Possession requires more than mere presence. The State 
 must show the defendant had dominion or control over the thing allegedly possessed 
 or had the right to exercise dominion or control over it.  Id.  Where 
 contraband materials are found on premises under the control of the accused, 
 this fact in and of itself gives rise to an inference of knowledge and possession 
 which may be sufficient to carry the case to the jury.  Id.
In the present case, testimony from law enforcement 
 officers clearly indicated that Scott  was alone in the restroom where the drugs 
 were located, thus giving him dominion over the drugs.  Accordingly, when viewed 
 in the light most favorable to State, the circumstantial evidence in this case 
 at least reasonably tends to prove Scotts guilt on the possession charges.  
 Thus, the trial court did not err in denying his motion for directed verdict.  
 See State v. Cooper, 334 SC 540, 551-52, 514 S.E.2d 584, 590 (1999) 
 (stating that [i]n reviewing the denial of a motion for a directed verdict, 
 the evidence must be viewed in the light most favorable to the State, and if 
 there is any direct evidence or any substantial circumstantial evidence reasonably 
 tending to prove the guilt of the accused, an appellate court must find that 
 the case was properly submitted to the jury.)
III.    PRO SE RESPONSE ISSUES
          A.      Subject Matter Jurisdiction
Scott argues that the court of appeals 
 lacks subject matter jurisdiction because he never received written notice or 
 an order granting or denying his Post-Trial motions.  He also argues that the 
 circuit court lacked subject matter jurisdiction because he (1) was never served 
 the charging instruments; (2) the indictments for distributing controlled substances 
 within the proximity of a school were invalid because Greenville Tech is not 
 a public vocational or trade school or technical education center; and (3) 
 the indictments were not filed with the Greenville County Clerk of Court.
          1.       Subject Matter Jurisdiction 
 of the Court of Appeals
Scott claims that he was never provided 
 a written order denying his post-trial motion for a new trial, this court lacks 
 subject matter jurisdiction to consider the appeal because the matter is stayed 
 pending his receipt of a written order expressing the trial courts ruling on 
 his post-trial motion.  We disagree.
Scott bases his claim on Rule 29, SCRCrimP, which 
 partially provides that [t]he time for appeal for all parties shall be stayed 
 by a timely post trial (sic) motion and shall run from the receipt of written 
 notice of entry of the order granting or denying such motion.  However, the 
 court in this matter clearly issued a written order denying Scotts post-trial 
 motion, and filed the Motion in the Office of the Greenville County Clerk of 
 Court.  Moreover, Scotts counsel filed a notice of intent to appeal on May 
 3, 2002, which gave the South Carolina Court of Appeals exclusive jurisdiction 
 over the appeal and divested the lower courts jurisdiction except to entertain 
 petitions for writs of supersedeas.  See Rule 205, SCACR (stating [u]pon 
 the service of the notice of appeal, the appellate court shall have exclusive 
 jurisdiction over the appeal;  the lower court shall have jurisdiction to entertain 
 petitions for writs of supersedeas as provided by Rule 225.)   Thus, we find 
 Scotts contention that this Court lacks subject matter jurisdiction over his 
 appeal is meritless.
          2.       Subject Matter Jurisdiction 
 of the Circuit Court
Scott contends the circuit court lacked 
 subject matter jurisdiction to hear his case because he had never been served 
 with the indictments.  However, in his appearance before the court, he never 
 mentioned that he had not received the indictments.  Additionally, his appearance 
 at the trial, along with the inclusion of the indictments in the record on appeal, 
 suggests he received the indictments contrary to his assertions.
He next argues that the trial court lacked 
 subject matter jurisdiction to hear charges pertaining to distribution with 
 proximity of a school because Greenville Tech is a private vocational trade 
 school to which S.C. Code Ann. § 44-53-445 does not apply. [2]   However, we take judicial notice of the fact 
 that Greenville Technical College is a state-supported, and thus public, technical 
 education center to which Section 44-53-445 clearly applies. 
 [3] 
Finally, Scott contends that the indictments 
 have not been filed with the Greenville County Clerk of Court, so the circuit 
 court there lacked jurisdiction to entertain his case and sentence him.  However, 
 the record contains certified copies of the indictments that were provided by 
 the Greenville County Clerk of Court, suggesting that office has filed copies 
 of the indictments.
          B.      Constitutional Violations
Scott maintains that his Constitutional 
 rights were violated (1) by the admission of prejudicial hearsay evidence related 
 to the confidential informant; (2) by the courts failure to suppress evidence 
 obtained from a search conducted without compliance with knock and announce 
 requirements; (3) because he was arrested without probable cause; and (4) by 
 holding him in violation of his Fourteenth Amendment rights where no 
 rational trial of fact would find [him] guilty of every fact and element of 
 his charges beyond a reasonable doubt.  However, he never raised the first 
 three issues at trial.  Thus, they are not preserved for our review.  See 
 State v. Adams, 354 S.C. 361, 380, 580 S.E.2d 785, 795 (Ct. App. 2003) 
 (stating [a]rguments not raised to or ruled upon by the trial court are not 
 preserved for appellate review.); State v. Varvil, 338 S.C. 335, 339, 
 526 S.E.2d 248, 250 (Ct. App. 2000) (stating Constitutional arguments are no 
 exception to the rule, and if not raised to the trial court are deemed waived 
 on appeal.)  We find the merits of the fourth issue are so closely akin to 
 those of the directed verdict motion, and find no violation of his Fourteenth 
 Amendment rights accordingly.
CONCLUSION
After a review of the record as required by Anders 
 v. California, 386 U.S. 738 (1967), and State v. Williams, 305 S.C. 
 116, 406 S.E.2d 357 (1991),  and the forgoing reasons, we hold there are no 
 directly appealable issues that are arguable on their merits.  Accordingly, 
 we dismiss Scotts appeal and grant counsels petition to be relieved.
APPEAL DISMISSED.
GOOLSBY, HOWARD, and KITTREDGE, JJ., 
 concur.

 
 [1] Scott received credit for time served.

 
 [2] S.C. Code Ann. § 44-53-445(A) provides: 
 
 It is a separate criminal 
 offense for a person to distribute, sell, purchase, manufacture, or to unlawfully 
 possess with intent to distribute, a controlled substance while in, on, or 
 within a one-half mile radius of the grounds of a public or private elementary, 
 middle, or secondary school;  a public playground or park;  a public vocational 
 or trade school or technical educational center;  or a public or private 
 college or university.
 
 (emphasis added)

 
 [3] Greenville Technical Colleges website states 
 that the school is an accredited, state-supported institution of higher learning 
 .  See http://www.greenvilletech.com/About/index.html.