**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Benjamin J. Newman, Appellant.

Appellate Case No. 2012-213383

Appeal From Lexington County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2014-UP-034
Submitted December 1, 2013 – Filed January 29, 2014

**AFFIRMED**

Robert T. Williams, Sr. and Benjamin Allen Stitely, both of Williams, Hendrix, Steigner & Brink, PA, of Lexington, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in denying Newman's motion to suppress the drug evidence: *State v. Missouri*, 361 S.C. 107, 111, 603 S.E.2d 594, 596 (2004) ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial [court's] ruling if there is *any* evidence to support the ruling."); *State v. Wright,* 391 S.C. 436, 443, 706 S.E.2d 324, 327 (2011) ("Under the 'plain view' exception to the warrant requirement, objects falling within the plain view of a law enforcement officer who is rightfully in a position to view the objects are subject to seizure and may be introduced as evidence."); *State v. Abdullah*, 357 S.C. 344, 351, 592 S.E.2d 344, 348 (Ct. App. 2004) (noting law enforcement may enter a dwelling "to prevent a suspect from fleeing or where there is a risk of danger to police or others inside or outside [the] dwelling").

2.  As to whether the trial court erred in denying Newman's motion for a directed verdict: *State v. Williams*, 346 S.C. 424, 430, 552 S.E.2d 54, 57 (Ct. App. 2001) ("In reviewing the denial of a motion for a directed verdict, the evidence must be viewed in the light most favorable to the State.  If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the appellate court must find that the case was properly submitted to the jury."); *id.*  ("Where contraband materials are found on premises under the control of the accused, this fact in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury.").

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.