**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ronald David Ratliff, Appellant.

Appellate Case No. 2016-001267

———————

Appeal from Charleston County
Deadra L. Jefferson, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-107
Submitted February 1, 2019 – Filed March 20, 2019

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of
Columbia, for Appellant.

Attorney General Alan McCroy Wilson, Senior Assistant
Deputy Attorney General Deborah R.J. Shupe, both of
Columbia, and Solicitor Scarlett Anne Wilson, all of
Charleston, for Respondent.

———————

**PER CURIAM:**  Ronald David Ratliff appeals his convictions of possession of marijuana[1] and possession of contraband in a county jail.  Ratliff contends the circuit court erred in denying his motion for a directed verdict because he did not have dominion and control over, nor actual possession of, the marijuana that he allegedly found in the State's police transport van.[2]  Ratliff maintains that he was a temporary passenger who did not have ownership or possessory interests in the State's police transport vehicle.  We affirm.

1.      The circuit court properly denied Ratliff's motion for a directed verdict on the charge of possession of contraband.  *See State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the [circuit] court is concerned with the existence or nonexistence of evidence, not its weight.").  It is undisputed that the marijuana was found on Ratliff's person inside of the county jail.  *See State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("[I]f there is any direct or *substantial* circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *see also* S.C. Code Ann. § 24-7-155 (2010) ("It is unlawful for an inmate of a [jail or prison] facility to possess a matter declared to be contraband."); S.C. Code Ann. Regs. 33-1 (2011) (indicating "[d]rugs of any description and particularly barbiturates, narcotics, medicines and poison" have been designated as contraband by the Department of Corrections).

2.      The circuit court properly denied Ratliff's motion for a directed verdict on the charge of possession with intent to distribute.  *See Odems*, 395 S.C. at 586, 720 S.E.2d at 50 ("On appeal from the denial of a directed verdict, [the appellate court] must view the evidence in the light most favorable to the State.").  The State presented direct evidence that Ratliff was in actual possession of the marijuana at the time it was found on his person inside of the county jail.  Accordingly, Ratliff's argument that he found the marijuana on the van, and thus, did not have actual possession of the marijuana is without merit.  Ratliff took actual possession of the marijuana the moment he placed it inside of his jumpsuit and on his person.  *See State v. Williams*, 346 S.C. 424, 430, 552 S.E.2d 54, 57 (Ct. App. 2001) ("Actual possession occurs when the drugs are found to be in the actual physical custody of

---

[1] Ratliff was charged with possession of marijuana with intent to distribute, but he was convicted of the lesser included offense of possession of marijuana.

[2] Ratliff argues that the circuit court erred in denying two motions: (1) a motion for a directed verdict and (2) a motion for a new trial.  However, the record indicates that Ratliff did not make a motion for a new trial.  The circuit court asked if the defense had any post-trial motions, and defense counsel replied, "No, Your Honor."

the person charged with possession."). Although Ratliff contends that because he found the marijuana on the transport van he did not have the intent to distribute it, there was evidence that the van was searched on numerous occasions immediately prior to Ratliff being transported on it. Officer Daniel Gibbs testified that a detailed search was conducted by the City of Charleston Garage and a K-9 searched the van the day prior. On the day in question, the van was searched by the night shift and again by Officer Ernest Lewis at the beginning of his day shift. There was no contraband found during any of the searches.

Moreover, Ratliff never informed the transport officers that he found marijuana in the van. Ratliff had an opportunity to inform the officers on the ride to the courthouse and on his ride back to the county jail—however, he made no attempt to do so. Additionally, Officer Lewis testified that upon returning to the county jail, he waited in line with Ratliff for approximately five to ten minutes. During that time, Ratliff never informed Officer Lewis that he found marijuana in the van. Officer Lewis testified that Ratliff did not request to speak to a captain during that time either. Ratliff made no attempt to inform anyone about the marijuana that he hid in his jumpsuit until after Officer Salters indicated that he smelled a strong odor of marijuana emanating from Ratliff's left leg during the pat down. It was not until after Ratliff was searched, confronted about the marijuana odor coming from his person, and taken into the strip search room that he turned over the marijuana and informed officers that he allegedly found it in the transport van. Considering this circumstantial evidence and testimony from the State's expert witness that individual bags of marijuana are an indication of an intent to distribute, we find that this presented a question for the jury as to Ratliff's guilt. *See State v. Frazier*, 386 S.C. 526, 531, 689 S.E.2d 610, 613 (2010) ("If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury.").

3. Ratliff's argument that he was a temporary passenger who did not have ownership, possessory interests, or rights in the State's transport vehicle is unpreserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the [circuit] court will not be considered on appeal.").

**AFFIRMED.**[3]

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**